UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA CUBA, *on behalf of herself
and all other persons similarly situated*,

                    Plaintiff,

      – against –

SHADWICK INC. d/b/a THE
BRAVEST *and* MICHAEL F.
SHADWICK,

                  Defendants.

**OPINION & ORDER**

23-cv-05329 (ER)

Ramos, D.J.:

     Laura Cuba brought this action against Shadwick Inc. and Michael F. Shadwick (Defendants) on June 22, 2023.  Doc. 5.  She alleged violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL).  *Id.* ¶¶ 29–44.

     Cuba, on behalf of all parties, has now moved for approval of the parties' proposed settlement.  Doc. 15.  For the reasons set forth below, the motion is DENIED.

**I.    LEGAL STANDARD**

     In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the

parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id*. (internal quotation marks and citation omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

In this case, the proposed settlement agreement provides for a total recovery of $16,500. Doc. 15 at 1. Cuba's counsel will receive around 35.6% of that sum in attorney fees and costs—a total of $5,875.80. *Id*. Cuba will receive $10,624.20. *Id*.

Cuba estimates that her best possible recovery at trial would be $4,071.43 in unpaid overtime and $4,071.43 in liquidated damages under the FLSA, as well as $10,000 in statutory damages under the NYLL, for a total of $18,142.86. *Id*. at 2 & n.1. The proposed settlement amount that Cuba will receive thus represents around 58.6% of her maximum recovery.

The Court finds that the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). The settlement will provide value insofar as it allows Cuba to receive payment without the risks and delays inherent in litigation. *See Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022). Cuba's motion notes that there are "several key disputes" affecting liability and damages, as Defendants argue that Cuba worked fewer hours per week than alleged and

was not employed for as long as alleged. Doc. 15 at 2. A trial in this case, Cuba asserts, would be "particularly risky" because it would "likely turn almost entirely upon the credibility of the parties and determining whether Plaintiff's recollection of her hours worked are credible." *Id.* at 3. And Defendants have stated that "they have limited financial resources and cannot afford a larger settlement or judgment," presenting a significant risk that Cuba might collect little or no recovery even if she were to prevail at trial. *Id.* at 2.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (alteration in original) (citation omitted). Given the aforementioned risks and uncertainties of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Cuba. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorney Fees & Costs

The Court further concludes that the proposed attorney fees and costs are reasonable. Cuba's counsel will receive $5,875.80 for fees and costs, which is about 35.6% of the total settlement. Doc. 15 at 1. The amount requested in attorney fees is $5,310.60, which is one-third of the net settlement amount after deducting litigation costs. *Id.* at 5. That percentage is reasonable, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the

3

reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Cuba's counsel has submitted billing records for three attorneys from the Law Office of Peter A. Romero PLLC:  (1) Peter A. Romero, the firm's principal, whose proposed rate is $400 per hour; (2) Matthew J. Farnworth, an associate, whose proposed rate is $250 per hour; and (3) Sara V. Messina, an associate, whose proposed rate is $250 per hour.  Doc. 15 at 7–8.  Counsel has also submitted billing records for the firm's paralegal, Angelica Villalba, whose proposed rate is $100 per hour.  *Id.*

First, the Court finds that Romero's $400 per hour rate is reasonable.  *See, e.g.*, *Bin Gao v. Jian Song Shi*, No. 18 Civ. 2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several recent decisions had approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale").  Romero's hourly rate is commensurate with similarly experienced senior attorneys in the field.[1]

As for Farnworth and Messina, the Court concludes that their $250 per hour rates are also reasonable.  *See Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 174–75 (S.D.N.Y. 2018) (concluding that two associates were entitled to $250 hourly rate); *Garcia v. Bad Horse Pizza, Inc.*, No. 14 Civ. 8858 (WHP), 2017 WL 192955, at *6 (S.D.N.Y. Jan. 18, 2017) ("Courts in this circuit have previously determined that rates of . . . $250 per hour for associates are reasonable in FLSA cases.").

---

[1] Since Romero is described in the motion as the firm's principal, the Court finds it appropriate to compare his rate to rates that partners have received in other cases.  *Cf. Montero v. New 32nd St. Inc.*, No. 18 Civ. 9859 (LGS), 2019 WL 13388151, at *1 (S.D.N.Y. June 11, 2019) (finding $400 hourly rate reasonable for "principal of a firm specializing in employment law").

4

Finally, the $100 per hour rate for Villalba, the firm's paralegal, is reasonable as well. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alteration in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316 (ER), 2021 WL 5847648, at *3 (S.D.N.Y. Dec. 9, 2021) (approving proposed hourly rate of $125).

Counsel's records indicate that the firm spent a total of 22.4 billable hours on this matter. Doc. 15 at 9. Romero spent 2 hours on the case at a $400 hourly rate. Doc. 15-2. Farnworth and Messina spent a combined total of 19.9 hours on the case at a $250 hourly rate. *Id.* Villalba spent 0.5 hours on the case at a $100 hourly rate. *Id.* Counsel's total lodestar, therefore, is $5,825. Doc. 15 at 9. Counsel seeks a total of $5,875.80 in attorney fees and costs, $5,310.60 of which represents attorney fees. *Id.* at 1, 5. The lodestar of $5,825, compared to the requested $5,310.60 of the settlement (net of costs) results in a lodestar multiplier (net of costs) of around 0.9. Courts in this District have recognized that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.9 and concludes that the requested $5,875.80 in attorney fees and costs is reasonable.

### C. Other Provisions

The settlement agreement does not include any objectionable confidentiality provisions. While it does include a mutual non-disparagement clause, that provision does not preclude the parties from "truthfully communicating their experiences concerning the Action or the settlement." Doc. 15-1 at 4. Because the non-disparagement clause includes a carve-out for truthful statements about the parties' experience litigating the case, it is permissible. *See Lopez*, 96 F. Supp. 3d at 180 n.65; *see also Weng v. T&W*

*Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016).

The Court cannot approve the settlement, however, because it includes an overly broad release of claims. In FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the litigation. *See Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) (finding that release was proper where all "released claims are related to wage-and-hour or other employee-benefits issues"); *see also Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *3–4 (S.D.N.Y. Mar. 24, 2016). Courts in this District, however, routinely reject release provisions that require a plaintiff to waive claims that have no relationship to wage-and-hour claims. *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016). Here, the agreement releases Defendants from "any and all claims, arising from any cause of action, including but not limited to negligence and/or intentional torts, that could have, may have, or did occur, from the beginning of time through and including the date that plaintiff signs this agreement." Doc. 15-1 at 2–3; *see also id.* at 2 (releasing Defendants from "any and all claims . . . from the beginning of time to the date of Plaintiff's execution of this Agreement, except for any claims arising out of this Agreement"). Since the parties do not limit the release provision to wage-and-hour claims that were or could have been at issue in this suit, the term is not fair and reasonable. *See Brittle v. Metamorphosis, LLC*, No. 20 Civ. 3880 (ER), 2021 WL 606244, at *4 (S.D.N.Y. Jan. 22, 2021); *Lopez*, 96 F. Supp. 3d at 181.

### III.   CONCLUSION

For the foregoing reasons, the request for settlement approval is DENIED without prejudice. The parties are instructed to do one of the following by December 11, 2023:

6

1. Submit a revised motion for settlement approval and signed agreement addressing the issues with the release discussed above.
2. Submit a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pretrial conference.
3. Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 15.

It is SO ORDERED.

Dated:   December 4, 2023
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.